FILED
SUPERIOR COURT
OF GUAM

2023 OCT 24 PM 4: 11

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, ) | CRIMINAL CASE NO. **CM0125-23** |
| ) | GPD Report No.: 23-09184 |
| ) | |
| vs. ) | |
| ) | **ORDER RE. DISMISSAL** |
| ) | **DUE TO CIVIL COMPROMISE** |
| ) | |
| **PAUL JAMES SALGADO,** ) | |
| aka Paul Ignacio Salgado, ) | |
| DOB: 05/18/1968 ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on the Defendant's Motion to Dismiss Due to Civil Compromise (the "Motion") filed on June 26, 2023. On July 28, 2023, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After considering the pleadings on file with the Court and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order DENYING the Defendant's Motion to Dismiss Due to Civil Compromise.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with Violation of a Court Order (As a Misdemeanor) via Magistrate's Complaint on April 7, 2023. The charge stems from an incident on or about April 5,

2023, when the Defendant allegedly went to the residence of Ana I. Salgado ("Victim") violating a permanent restraining order against the Defendant in DM0449-01 while he accompanied his brother Eddie to the home Eddie shares with the Victim. *See Magistrate's Compl. Affidavit of Probable Cause* (Apr. 7, 2023). The Victim is the Defendant's mother.

On June 19, 2023, the Victim executed a Declaration Re: Civil Compromise requesting that the above captioned matter be dismissed stating that "I ... and Paul James Salgado, can and have reached an amicable settlement and we have resolved our past differences and difficulties. All restitution has been paid in full to me by Paul James Salgado and request this case be dismissed." *See Declaration Re: Civil Compromise* (Jun. 19, 2023). The Defendant's Motion is based upon the claim that restitution has been "paid in full" to the Victim and that 8 GCA § 80.90(b) allows for the dismissal of this case due to a civil compromise.

The People have failed to file an opposition brief by the due date of July 10, 2023, and as of the issuance of this Decision and Order have still failed file any response, including a statement of non-opposition. *See* Notice of Motion, Jun. 26, 2023. However, the People's failure to respond to the Motion does not relieve the Court of its obligation to consider the merits of the motion before it. *See Petition of Quitugua v. Flores,* 2004 Guam 19, 27-28.

## LAW AND ANALYSIS

Under 8 GCA §80.90, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action" and "if the person injured appears before, or filed [her] declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that [she] has received satisfaction from the injury," then "the court may, upon payment of the

costs incurred, order the criminal action dismissed."[1]

Guam's Civil Compromise Statute is based upon California Penal Code §§ 1377 and 1378, and, in the absence of binding precedent, "California case law [is] persuasive absent a compelling reason to deviate." *People v. Hall*, 2004 Guam ¶ 18. The Court observes, however, that Guam's Civil Compromise Statute may be applied more broadly than that of California's because Guam's law did not adopt the provisions in California excluding misdemeanors committed with felonious intent, misdemeanors committed riotously, or misdemeanors committed upon offices of justice. *People v. Moulton*, 131 Cal.App.3d Supp. 10, 20 (Cal. App. Dep't Super. Ct. 1982). California has also, since Guam's adoption of § 80.90, seen fit to further exclude offenses in the nature of family violence or crimes committed upon the elderly and children.

The Defendant here is charged with Violation of a Court Order (As a Misdemeanor). The charged offense is not a felony. However, the Court is concerned with the offense the Defendant is charged with, Violation of a Court Order (As a Misdemeanor). The Court does not find that such offense has a corresponding civil remedy with civil trespass or harassment as the Defendant is alleged to have been in violation of orders set by the court, which remain in place until otherwise amended by the court.

Further, while 8 GCA § 80.90 does not explicitly state that the statute is inapplicable to charges of violation of a court order, California law, which served as the basis for Guam's civil

---

[1] This statute shall be referred to herein as Guam's Civil Compromise statute.

compromise statute, excludes violation of a court order charges from its civil compromise statute. 8 GCA § 80.90. California Penal Code § 1377 provides:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in § 1378, expect when it is committed as follows:
>     (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
>     (b) Riotously.
>     (c) With an intent to commit a felony.
>     (d) *In violation of any court order as described in § 273.6 or 273.65.*
>     (e) By or upon any family or household member, or upon any person when the violation involves any person described in § 6211 of the Family Code or subdivision (b) of §13700 of this Code.
>     (f) Upon an elder, in violation of § 368 of this Code or § 15656 of the Welfare and Institutions Code.
>     (g) Upon a child, as described in § 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added). In California, the legislative purpose of civil compromise is to remove from criminal prosecution offenses for which there is an adequate civil remedy instead of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. Appl. 1986).

Although California specifically excludes certain offense from civil compromise, the Court still exercises its discretion to permit compromise of a misdemeanor by examining the same criteria followed by the California courts: 1) if the civil injury is coextensive with the criminal violation; 2) whether full vindication of the public injury can be achieved through a private settlement; and 3) if the proposed compromise is voluntarily entered into by the victim. *People v. Moulton*, 131 Cal.App.3d Supp. 10, 21-23 (Cal. App. Dep't Super. Ct. 1982).

The Court recognizes that unlike California, Guam did not enact the specific prohibition of violation of a court order from the civil compromise statute. However, the rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim

actually received satisfaction for the injury, but because the prosecution of violation of a court order case is of interest of the public. The permanent restraining order the Defendant is alleged to have violated stems from a family violence matter in DM0449-01. Family violence cases frequently involve victims who, because of their status or relationship to the defendant, may be unduly influenced to civil compromise. Thus, civil compromise of a violation of a court order does not present "circumstances such that through private settlement the public is fully vindicated." *Id.* It is clear that the Defendant's offense is not coextensive with the civil remedy and such offense does not meet the threshold for possible application of 8 GCA § 80.90. The Victim in this case is the Defendant's mother and the Defendant's charge is a Violation of a Court Order (As a Misdemeanor) relating to the Victim's permanent restraining order which has been in effect for over twenty years. *See* DM0449-01 Permanent Restraining Order, Jun. 5, 2001.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Due to Civil Compromise is **DENIED**. The trial of this matter is scheduled for January 17, 2024 at 1:30 p.m. The Pre-Trial Conference is on January 9, 2024 at 11:00 a.m.

**SO ORDERED** this OCT 2 4 2023 .

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG , APO ,

Date: 10/24/23 Time: 4:54 pm
Antonio L Cruz
Deputy Clerk, Superior Court of Guam

*People of Guam vs. Paul James Salgado*
Criminal Case No. CM0125-23
Order Re. Dismissal Due to Civil Compromise
Page 5 of 5